IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BROWN | : CIVIL ACTION |
| | : |
| v. | : |
| | : No. 07-4051 |
| PENNSYLVANIA BOARD OF PROBATION | : |
| AND PAROLE MEMBERS | : |

### ORDER-MEMORANDUM

AND NOW, this 30th day of December, 2008, "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (docket no. 12) is granted and plaintiff's amended complaint is dismissed with prejudice.

The complaint in this action under 42 U.S.C. § 1983 alleges that plaintiff Mark Brown's constitutional rights were violated when defendants, members of the Pennsylvania Board of Probation and Parole, delayed his final revocation hearing beyond the statutorily specified 120 days. Amended Complaint, ¶ 1, 2. Defendants argue that plaintiff was not constitutionally entitled to a prompt revocation hearing because the warrant to detain plaintiff was issued while plaintiff was already serving 10 years for other crimes, and there was, accordingly, no loss of liberty associated with the delay. Moody v. Daggertt, 429 U.S. 78, 87 n.7 (1970) ("Where petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which Morrissey requires upon arrest for parole violation. . . . because issuance of the warrant does not immediately deprive the parolee of liberty."). Defendants are correct.

The relevant dates are as follows: On March 15, 1994, plaintiff was sentenced to serve 7½

years for third degree murder. His minimum date was September 20, 1998 and his maximum date was March 20, 2006. On July 16, 2001, plaintiff was released on parole. On November 3, 2003, plaintiff was arrested and charged with new crimes. On December 3, 2003, the Board lodged a detainer against plaintiff. On March 20, 2006, the detainer was lifted when plaintiff reached his maximum release date on the 1994 murder conviction. On April 4, 2006, plaintiff was placed in the Philadelphia County Jail to await outcome on the new charges against him. Bail was set but not posted and plaintiff remained incarcerated.

On November 22, 2006, plaintiff was convicted on the new charges and, on June 6, 2007, he was sentenced to a term of five to ten years. On July 12, 2007, the Board lodged a new warrant to detain plaintiff on the 1994 conviction and on January 8, 2008, plaintiff received a parole revocation hearing on his 1994 conviction. "Memorandum of Law in Support of Amend Motion" attached to plaintiff's amended complaint, at 1-3.

Based on the foregoing, plaintiff suffered no loss of liberty as a result of the delayed revocation hearing, because he was already incarcerated for the subsequent crime that constituted the violation. No revocation hearing was required until he either completed his sentence on that crime or was paroled. Williams v. Pennsylvania Board of Probation and Parole, 751 A.2d 703, 707 Pa. Cmwlth. 2000) (citations omitted). Accordingly, because plaintiff's rights were not violated by the delayed hearing, his claim must be dismissed.

BY THE COURT:

_____
Edmund V. Ludwig, J.